# EXHIBIT A

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|---|
| STATE OF MICHIGAN<br>6th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY | | **SUMMONS** | 24- -CB<br>2024-209738-CB | **CASE NO.**<br>JUDGE VICTORIA VALENTINE |

**Court address**: 1200 N. Telegraph Road, Pontiac, Michigan 48341  
**Court telephone no.**: (248) 858-0581

Plaintiff's name, address, and telephone no.
Chabad-Lubavitch of Michigan
and Michigan Jewish Institute

v

Defendant's name, address, and telephone no.
Church Mutual Insurance Company

Plaintiff's attorney, bar no., address, and telephone no.
Jonathan B. Frank (P42656)/Janette E. Frank (P42661)
Frank & Frank Law
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan 48302
(248) 723-8691

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

*Received for Filing Oakland County Clerk 9/12/2024 2:27 PM*

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 9/13/2024 | 12/13/2024 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23) **SUMMONS** MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

**Summons**  (3/23)                                                                                                   **Case No.** 24-_____-CB

## PROOF OF SERVICE

**TO PROCESS SERVER**: You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served  ☐ personally  ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached)   a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| | |

| Place or address of service |
|---|
| |

| Attachments (if any) |
|---|
| |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____.
Attachments (if any)                                                 Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

Original – Court

| STATE OF MICHIGAN<br>6TH JUDICIAL CIRCUIT<br>COUNTY OF OAKLAND | NOTICE OF ASSIGNMENT TO THE BUSINESS COURT | CASE NO.<br>2024-209738-CB<br>24-          -CB |
|---|---|---|

**Court address**
1200 N Telegraph Rd    Pontiac, MI  48341

**JUDGE VICTORIA VALENTINE**

**Court telephone no.**
248-858-0345

**Plaintiff's name(s), address(es), and telephone number(s)**
Chabad-Lubavitch of Michigan and
Michigan Jewish Institute

v

**Defendant's name(s), address(es), and telephone number(s)**
Church Mutual Insurance Company

**Plaintiff's attorney, bar no., address, telephone no., and email address**
Jonathan B. Frank (P42656)/Janette E. Frank (P42661)
Frank & Frank Law
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan  48302   (248) 723-8691

**Defendant's attorney, bar no., address, telephone no., and email address**

The ☒ Plaintiff ☐ Defendant  requests assignment of the above captioned matter to the Business Court. The case qualifies for the Business Court and the matter should be identified as Business Court eligible pursuant to MCL 600.8031, MCL 600.8035, and LAO 2013-xx as indicated below. (Check all that apply.)

The case is a qualifying business or commercial dispute as defined by MCL 600.8031(1)(c) as:
☒ All of the parties are business enterprises;
☐ One or more of the parties is a business enterprise and the other parties are its or their present or former owners, managers, shareholders, members of a limited liability company or similar business organization, directors, officers, agents, employees, suppliers, guarantors of a commercial loan, or competitors, and the claims arise out of those relationships;
☐ One of the parties is a nonprofit organization and the claims arise out of that party's organizational structure, governance, or finances.

The business or commercial dispute involves:
☐ The sale, merger, purchase, combination, dissolution, liquidation, structure, governance, or finances of a business enterprise.
☐ Information technology, software, or website development, maintenance or hosting;
☐ The internal organization of business entities and the rights or obligations of shareholders, partners, members, owners, officers, directors, or managers;
☐ Contractual agreements or other business dealings, including licensing, trade secret, intellectual property, antitrust, securities, noncompete, nonsolicitation, and confidentiality agreements if all available administrative remedies are completely exhausted, including, but not limited to, alternative dispute resolution processes prescribed in the agreements;
☐ Commercial transactions, including commercial bank transactions;
☒ Business or commercial insurance policies; and/or
☐ Commercial real property.
☐ Other: (Please explain)

9/12/24
Date

/s/ Jonathan B. Frank
Name

Attorney for: Plaintiff

OCBC 01 (10/17) **NOTICE OF ASSIGNMENT TO THE BUSINESS COURT**

FILED   Received for Filing   Oakland County Clerk   9/12/2024 2:27 PM
This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

CHABAD-LUBAVITCH OF
MICHIGAN and MICHIGAN JEWISH
INSTITUTE,

          Plaintiffs,

v.

CHURCH MUTUAL INSURANCE
COMPANY,

          Defendant.
_____/

Case. No.: 24-_____-CB
Hon.

2024-209738-CB

JUDGE VICTORIA VALENTINE

Jonathan B. Frank (P42656)
Janette E. Frank (P42661)
Frank & Frank Law
Attorneys for Plaintiff
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI 48302
(248) 723-8691
jonfrank@frankandfranklaw.com
janfrank@frankandfranklaw.com
_____/

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

**COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

**THIS CASE INVOLVES A BUSINESS OR COMMERCIAL DISPUTE AS DEFINED IN MCL 600.8031 AND MEETS THE STATUTORY REQUIREMENTS TO BE PLACED ON THIS COURT'S BUSINESS DOCKET.**

    There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint, that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a judge in this case.

                          */s/ Jonathan B. Frank*
                        **JONATHAN B. FRANK (P42656)**

The Plaintiffs, Chabad-Lubavitch of Michigan and Michigan Jewish Institute (collectively, the "**Policyholders**" or "**Plaintiffs**"), by and through their undersigned counsel, for their Complaint against Church Mutual Insurance Co. ("**Church Mutual**" or "**Defendant**"), allege as follows:

## PRELIMINARY STATEMENT

The Policyholders bring this insurance coverage action because Church Mutual has wrongfully refused to cover millions of dollars in defense costs that the Policyholders incurred in connection with their ultimate vindication in a meritless *qui tam* lawsuit and related claims. The lawsuit was filed against the Policyholders in 2013 and was finally dismissed in 2020, after the United States declined to intervene, and without any finding of wrongdoing by any of the Policyholders. The Policyholders purchased a series of liability insurance policies from Church Mutual to protect themselves from precisely this kind of risk; yet, instead of covering the Policyholder's defense costs, Church Mutual sent the Policyholders a check for just $5,000. The Policyholders have not cashed that check. Instead, they bring this suit to recover what they are owed under the policies.

## PARTIES

1. Chabad-Lubavitch of Michigan is a non-profit corporation organized under the laws in Michigan, with its principal place of business in the state of Michigan.

2. Michigan Jewish Institute ("**MJI**") is a corporation organized under the laws in Michigan, with its principal place of business in the state of Michigan.

3. Upon information and belief, Church Mutual is an insurance company incorporated under the laws of the State of Wisconsin, with a principal place of business in Wisconsin. At all

2

relevant times, Church Mutual conducted business in the County of Oakland, State of Michigan, including by selling the Policyholders the insurance policies that are at issue in this action.

## JURISDICTION AND VENUE

4. Jurisdiction properly exists in this Court as the damages, contract and otherwise, exceed the sum of Twenty-Five Thousand and 00/100 Dollars ($25,000.00), exclusive of costs, interest and fees.

5. Venue is proper in this Court pursuant to MCL 600.1621 because Oakland County is the County in which the Policyholders reside and conduct business, and in which Church Mutual conducts business. Indeed, at all relevant times, Church Mutual conducted business in Oakland County, including by selling the Policyholders the insurance policies that are at issue in this action.

## BACKGROUND

**A.   The Policyholders Purchase a Series of Comprehensive Insurance Policies From Church Mutual in Exchange for Significant Premiums**

6. Since at least 2004, the Policyholders have purchased comprehensive insurance policies from Church Mutual to protect themselves from unknown risks.

7. Relevant to this action are the policies that Church Mutual issued to the Policyholders and that cover various periods between August 2011 and August 2020 (the "**Policies**"). The Policies include, but are not necessarily limited to, the following:

| Policy No. | Named Insured | Policy Period |
| --- | --- | --- |
| 0134305-02-0447034 | Michigan Jewish Institute | 4/6/2012 – 4/6/2015 |
| 0134305-02-791168 | Michigan Jewish Institute | 4/6/2015 – 4/6/2018 |
| 0006509-02-359858 | Chabad-Lubavitch of Michigan | 8/14/2011 – 8/14/2014 |
| 0006509-02-712299 | Chabad-Lubavitch of Michigan | 8/14/2014 – 8/14/2017 |
| 0006509-02-021320 | Chabad-Lubavitch of Michigan | 8/14/2017 – 8/14/2020 |

3

8.      Most, if not all, of the Policies are "multi-peril" policies in that they consist of and include multiple different coverage parts that apply to multiple different risks.

9.      For example, policy number 0134305-02-791168, issued to the Michigan Jewish Institute for the policy period of April 6, 2015, to April 6, 2018, includes, among other coverage parts and most relevant here, a "General Liability" coverage part, and a "Directors, Officers & Trustees Liability" coverage part (the "**D&O**" coverage part).

B.      **The Policies' General Liability Coverage Part**

10.     Most if not all the Policies include a materially identical General Liability coverage part that provides, among other things, that Church Mutual "will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" . . . to which this insurance applies."  The Policies further provide that Church Mutual "will have the right and duty to defend the insured against any 'suit' seeking those damages."

11.     The Policies define "personal injury" as, among other things, "injury, other than 'bodily injury' arising out of . . . [the o]ral or written publication of material that violates a person's right of privacy."

12.     The Policies define "suit" as "a civil proceeding in which damages because of . . . 'personal injury' . . . to which this insurance applies are alleged."

C.      **The Policies' D&O Coverage Part**

13.     Certain of the Policies include a materially identical D&O coverage part that provides, among other things, that Church Mutual will pay "sums" that certain "Directors, Officers or Trustees," and/or the "Named Insured" (e.g., MJI), "become legally obligated to pay for 'loss' arising from any claim or claims because of injury arising out of a 'wrongful act' to which this insurance applies."  The D&O coverage part also provides Church Mutual will pay certain covered

4

organizations to the extent that they "pay to reimburse [their] 'Directors, Officers and Trustees [for such matters].'"

14. The Policies define "loss" as "damages, judgments, settlements, and 'defense expenses,'" but not "fines, taxes, penalties, non-monetary damages, or injunctive relief."

15. The Policies further provide that the "loss" must arise out of injury alleged to have been "caused by a 'wrongful act.'"

16. The Policies define "wrongful act" as, "with respect to [the relevant] 'Directors, Officers or Trustees': Any actual or alleged: (1) Error or misstatement, (2) Misleading statement, (3) Neglect or breach of duty, or (4) Act or omission, in the discharge of their duties for you as a Director, Officer or Trustee." The Policies also define "wrongful act" as "[a]ny other matter claimed against your "Directors, Officers or Trustees" solely by reason of their being your "Directors, Officers or Trustees."

17. The Policies also provide that the claim must be made and reported to Church Mutual "during the policy period or any Extended Reported Period."

18. The Policies do *not* define "claim" or "claims."

19. With respect to the duty to defend, the D&O coverage part of the Policies provide that Church Mutual has the "duty to defend the insured against any 'suit' seeking payment for 'loss' and to pay for the defense expense."

20. The Policies define "suit" as "a civil proceeding in which a 'loss' because of injury to which this insurance applies is alleged."

21. And the Policies provides that "[l]oss arising out of the same 'wrongful act' or interrelated, repeated, or continuous 'wrongful acts' of one or more 'Directors, Officers or

5

Trustees' shall be deemed 'loss' in the policy period in which the first such claim or 'wrongful act' is first reported to the insurer."

22.     The Policies also provide that "Claims arising out of the same 'wrongful act' or interrelated 'wrongful acts' of one or more of your 'Directors, Officers or Trustees' shall be considered one loss and shall be subject to only one retention."

D.     **The Sealed *Qui Tam* Action**

23.     On October 23, 2013, a former MJI employee, Dawn Klobuchar, filed a sealed *qui tam* action against the Policyholders and certain of their directors and/or officers (the "**Klobuchar Lawsuit**").

24.     As explained further below, the Policyholders learned of the Klobuchar Lawsuit shortly after it was finally unsealed, on January 14, 2020, and they promptly notified Church Mutual of the same.

E.     **The Binder Lawsuit**

25.     On December 26, 2014, a former employee of MJI, Richard Binder, filed a wrongful termination lawsuit against his two former employers (the "**Binder Lawsuit**"). The Policyholders timely reported the Binder Lawsuit to Church Mutual by no later than March 5, 2015.

26.     The allegations in the Binder Lawsuit were, to a significant extent, related to the allegations in the Klobuchar Lawsuit.

F.     **The Regulatory Investigations**

27.     On February 25, 2016, the Department of Education ("**DOE**") advised MJI that, based on the results of a lengthy investigation, MJI's application for recertification for student financial assistance programs had been denied (the "**Investigation**"). The DOE specifically

6

informed MJI that it would no longer be eligible to participate in federal student aid programs as of February 29, 2016.

28. MJI and the Policyholders fought the Investigation and the DOE's decision vigorously, but the DOE affirmed its decision on April 15, 2016. The Policyholders timely reported the Investigation to Church Mutual, on July 14, 2016.

29. The allegations in the Investigation were, to a significant extent, related to the allegations in the Binder Lawsuit and the Klobuchar Lawsuit. Indeed, after the Binder Lawsuit was filed December 26, 2014, but before the DOE's advisement on February 25, 2016 (*see supra* ¶ 29), the Policyholders began to incur significant fees and expenses defending against the Investigation. As explained further below, the Policyholders continued to incur those fees and expenses through and including when the Klobuchar Lawsuit was finally dismissed, in July 2020.

G. **Dismissal of the Klobuchar Lawsuit Without Adjudication of Any Alleged Claims**

30. As noted above, the Klobuchar Lawsuit was finally unsealed on January 14, 2020.

31. Once the Klobuchar Lawsuit was unsealed, the Policyholders timely reported the same to Church Mutual.

32. On July 27, 2020, the United States declined to intervene in the Klobuchar Lawsuit.

33. On July 30, 2020, the Klobuchar Lawsuit was dismissed without adjudication of any alleged claims. After years of investigation and litigation, no charges were brought against the Policyholders or any individual who worked for the Policyholders.

H. **The Policyholders Incurred Significant Legal Costs and Expenses in Connection With the Klobuchar Lawsuit**

34. As noted above, the Policyholders incurred fees and costs that were related to the defense against the related Klobuchar Lawsuit, the Binder Lawsuit, and Investigation (the "**Underlying Claims**"), up and through when the Klobuchar Lawsuit was finally dismissed.

7

35. Those fees and costs included legal fees, vendor costs, expert expenses, and other amounts (the "**Defense Costs**").

36. In total, the Policyholders spent over $10 million defending against the Underlying Claims.

I. **Church Mutual Has Wrongfully Refused to Cover the Defense Costs**

37. As noted above, the Policyholders provided Church Mutual with notice of the Klobuchar Lawsuit shortly after it was unsealed. The Policyholders also notified Church Mutual of the Investigations on July 14, 2016. And the Policyholders notified Church Mutual of the Binder Lawsuit by no later than March 5, 2015.

38. The Policyholders correspondingly sought coverage from Church Mutual for the Defense Costs.

39. However, instead of providing the coverage for which the Policyholders had bargained, Church Mutual denied coverage for the Defense Costs through a series of letters, starting with letters dated June 3, 2020. Church Mutual later asserted that the Policyholder's coverage was limited to $5,000.

40. During the several years that have elapsed since Church Mutual denied coverage, the Policyholders have requested that Church Mutual reconsider its position. The Policyholders demonstrated that the Klobuchar Lawsuit triggers both the General Liability and D&O coverage parts of the Policies, and that the related Defense Costs for all the Underlying Claims are covered under one or both of those coverage parts, and under one or more of the Policies.

41. Yet, Church Mutual has refused to change its position, necessitating this litigation.

## COUNT 1: BREACH OF CONTRACT

42. The Policyholders replead and incorporate by reference, as if fully set forth herein, the facts and allegations set forth in all paragraphs above.

43. The Policyholders have satisfied all conditions precedent to coverage under the Policies.

44. Church Mutual has breached its contractual obligations to the Policyholders under the Policies by, among other things, failing and refusing to pay the Defense Costs.

45. The Defense Costs are covered by the General Liability and/or D&O coverage parts of one or more of the Policies.

46. As a direct and proximate result of Church Mutual's breach of its contractual obligations, which are continuing as of the date of this Complaint, Church Mutual has deprived the Policyholders of the benefits of insurance coverage to which they are entitled.

47. As a direct and proximate result of Church Mutual's breach of its contractual obligations, which are continuing as of the date of this Complaint, the Policyholders have sustained, and will continue to sustain, significant monetary damages including, without limitation, the Defense Costs (which Church Mutual should have covered under the Policies) and interest on amounts wrongfully withheld by Church Mutual.

## COUNT 2: MICHIGAN INSURANCE CODE § 500.2006

48. The Policyholders replead and incorporate by reference, as if fully set forth herein, the facts and allegations set forth in all paragraphs above.

49. Michigan Insurance Code section 500.2006 provides in pertinent part that "[a]n insurance company] must pay on a timely basis to its insured . . . the benefits provided under the

9

terms of its policy, or, in the alternative, the [insurance company] must pay to its insured . . . 12% interest . . . on claims not paid on a timely basis."

50. Michigan Insurance Code section 500.2006 further provides that "[i]f benefits are not paid on a timely basis, the benefits paid bear simple interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum, if the claimant is the insured or a person directly entitled to benefits under the insured's insurance contract. . . . The interest must be paid in addition to and at the time of payment of the loss."

51. The Policyholders have provided satisfactory proof of the Defense Costs.

52. As discussed above, Church Mutual has not covered the Defense Costs on a timely basis and in accordance with Church Mutual's obligations under the Policies.

53. The Policyholders are accordingly entitled to interest as provided in Michigan Insurance Code section 500.2006.

## PRAYER FOR RELIEF

WHEREFORE, the Policyholders respectfully request that this Court enter judgment as follows:

    a. enter judgment in favor of the Policyholders and against Church Mutual on Count 1 of this Complaint;

    b. enter judgment in favor of the Policyholders and against Church Mutual on Count 2 of this Complaint;

    c. award to the Policyholders, and against Church Mutual, compensatory damages in an amount necessary to compensate the Policyholders for Church Mutual's breach of the Policies (an amount that includes, at a minimum, the Defense Costs);

  d. award to the Policyholders, and against Church Mutual, pre-judgment and post-judgment interest;

  e. award to the Policyholders, and against Church Mutual, interest in accord with Michigan Insurance Code section 500.2006; and

  f. award to the Policyholders such other, further and additional relief as the Court may deem appropriate.

## JURY DEMAND

The Policyholders hereby respectfully requests a trial by jury as to all issues so triable herein.

Respectfully submitted,

FRANK & FRANK LAW

By: */s/ Jonathan B. Frank*
Jonathan B. Frank (P42656)
Attorneys for Plaintiff
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI 48302
(248) 723-8691
jonfrank@frankandfranklaw.com

Dated:  September 12, 2024